# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| MACROSOLVE, INC., <br><br> Plaintiff, <br><br> v. <br><br> (1) FIVE GUYS ENTERPRISES, LLC; AND <br> (2) FIVE GUYS HOLDINGS, LLC, <br><br> Defendants. | CIVIL ACTION NO. 6:13-CV-671 <br><br> ORIGINAL COMPLAINT <br> FOR PATENT INFRINGEMENT <br><br> **JURY TRIAL DEMANDED** |

Plaintiff MacroSolve, Inc. ("MacroSolve") files this original complaint against the above-named defendants, alleging, based on its own knowledge as to itself and its own actions and based on information and belief as to all other matters, as follows:

## PARTIES

1. MacroSolve is a corporation formed under the laws of the State of Oklahoma, with a principal place of business in Tulsa, Oklahoma.

2. Defendant Five Guys Enterprises, LLC ("Five Guys Enterprises") is a Delaware limited liability company. Five Guys Enterprises is doing business in the state of Texas but has failed to appoint an agent for service of process in Texas. Accordingly, Five Guys Enterprises can be served under the Texas Long Arm Statute and/or the Texas Business Organizations Code by serving the Secretary of State. Five Guys Enterprises's home, home office, and principal office address is 10440 Furnace Road, Suite 205, Lorton, VA 22079.

3. Defendant Five Guys Holdings, LLC ("Five Guys Holdings") is a Delaware limited liability company. Five Guys Holdings is doing business in the state of Texas but has failed to appoint an agent for service of process in Texas. Accordingly, Five Guys Holdings can be served under the Texas Long Arm Statute and/or the Texas Business Organizations Code by serving the Secretary of State. Five Guys Holdings's home, home office, and principal office address is 10440 Furnace Road, Suite 205, Lorton, VA 22079.

## JURISDICTION AND VENUE

4. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. §1331 and §1338(a).

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, defendants have transacted business in this district and have committed, by themselves or in concert with others, acts of patent infringement in this district.

6. The defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to the defendants' substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,822,816

7. On October 26, 2010, United States Patent No. 7,822,816 ("the '816 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "System and Method for Data Management."

8. MacroSolve is the owner of the '816 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '816 patent against infringers, and to collect damages for all relevant times.

9. Five Guys Enterprises and Five Guys Holdings (collectively, "Five Guys"), directly or through their customers and/or intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including at least the Five Guys Burgers & Fries mobile app(s) products and/or services) that infringed one or more claims of the '816 patent.

10. Five Guys has and is directly infringing the '816 patent.

11. Five Guys has and is indirectly infringing the '816 patent, both as an inducer of infringement and as a contributory infringer.

12. Five Guys infringes directly both (1) through its own use of its mobile app(s) and (2) through the joint use of its mobile app(s) by it and its customers. Regarding point (2), MacroSolve alleges that Five Guys and its customers are joint infringers because (a) Five Guys is vicariously liable for its customers' use of its mobile app(s) because Five Guys was the entity responsible for the design of the apps (including by having its agents design the apps) and Five Guys encourages its customers to use its mobile app(s); and alternatively because (b) Five Guys and its customers have acted in concert to use the Five

Guys mobile app(s) in a way that performs the steps of the claimed method. Direct infringement also occurs when Five Guys performs certain steps of the claimed methods and its customers perform others (for example, when Five Guys performs claim 1's steps (a), (b), and (d) and Five Guys's customers perform the remainder of the steps) where Five Guys's customers are under the direction or control of Five Guys and Five Guys is acting as a mastermind.

13. Five Guys's customers also commit acts of direct infringement when they download and use the Five Guys mobile app(s). They do so because their use of the mobile app(s) performs each step of the claimed methods (including by putting into operation and causing the Five Guys servers to perform certain actions such as steps (a), (b), and (d) of claim 1 of the patent-in-suit in response to commands sent from the mobile app(s)).

14. Five Guys has both induced and contributed to the underlying direct infringement of the '816 patent by Five Guys's customers or by the joint action of Five Guys and its customers. The direct infringement underlying the indirect infringement claims consist of the direct infringement by its customers or by Five Guys and its customers, as described above.

15. Five Guys induces its customers to use the Five Guys mobile app(s). Five Guys's distribution and promotion of the Five Guys mobile app(s) has no other purpose but to cause its customers to download and use them. Five Guys encourages its customers to download and use its mobile app(s), including, for example, on its website and on the apps' listings in app stores.

16. Five Guys has contributed to the infringement of the '816 patent by making its mobile app(s) available for download and by operating servers (or having its agents operate servers) that can communicate with the mobile app(s), and that can be put into use and operation by Five Guys's customers through the use of the mobile app(s).

17. Five Guys's mobile app(s) have features that have no substantial uses other than the uses that are alleged to infringe the '816 patent. Specifically, the features of the Five Guys mobile app(s) that allow information to be collected from the user of the mobile device and then uploaded to the Five Guys servers have no substantial use other than infringing the patent-in-suit. The use of these features of Five Guys's mobile app(s) for their intended purpose necessarily results in infringement of the '816 patent.

18. Five Guys has or will have knowledge of the '816 patent, as well as the fact that its customers use of its mobile app(s) infringes the '816 patent, since at least as early as the filing of this lawsuit. Additionally, when it launched its mobile app(s), Five Guys took inadequate steps to determine whether it would be infringing the intellectual property rights of others, such as MacroSolve, and thus was willfully blind to the existence of the '816 patent. Five Guys thus induces /induced and contributes/contributed to acts of direct infringement with the specific intent that others would infringe the '816 patent.

## JURY DEMAND

MacroSolve hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

MacroSolve requests that the Court find in its favor and against the defendant, and that the Court grant MacroSolve the following relief:

a. Judgment that one or more claims of the '816 patent have been infringed,

either literally and/or under the doctrine of equivalents, by the defendants and/or all others acting in concert therewith;

   b. A permanent injunction enjoining the defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the '816 patent;

   c. Judgment that the defendants account for and pay to MacroSolve all damages to and costs incurred by MacroSolve because of the defendants' infringing activities and other conduct complained of herein;

   d. That MacroSolve be granted pre-judgment and post-judgment interest on the damages caused by the defendants' infringing activities and other conduct complained of herein;

   e. That this Court declare this an exceptional case and award MacroSolve its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

   f. That MacroSolve be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated:  September 12, 2013      Respectfully submitted,

              /s/ Califf T. Cooper
              Matthew J. Antonelli (lead attorney)
              Texas Bar No. 24068432
              matt@ahtlawfirm.com
              Zachariah S. Harrington
              Texas Bar No. 24057886
              zac@ahtlawfirm.com
              Larry D. Thompson, Jr.
              Texas Bar No. 24051428
              larry@ahtlawfirm.com
              Califf T. Cooper
              Texas Bar No. 24055345
              califf@ahtlawfirm.com

ANTONELLI, HARRINGTON &
THOMPSON LLP
4200 Montrose Blvd., Ste. 430
Houston, TX 77006
(713) 581-3000

*Attorneys for MacroSolve, Inc.*